## Tenore v. McKinley, Appellant.

Argued October 4, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Walter Jones,* with him *Thad. S. Krause,* for appellant.

*Nathaniel Shapiro,* for appellee, was not heard.

PER CURIAM, November 13, 1935:

The collision involved in this case occurred at the intersection of Oxford and Hancock Streets, Philadelphia. They intersect at right angles, each street being twenty-six feet wide between curbs, with a twelve-foot sidewalk on either side.

The evidence on behalf of the plaintiff—the defendant offered none—justified a finding by the jury of the following facts:

The truck in which plaintiff was riding, (which for convenience we shall call plaintiff's truck, although he was not the owner nor the driver), was twenty feet long. It was being driven west on Oxford Street, on the right hand side of the street. As the truck approached the east houseline of Hancock Street, the driver slowed down to five to ten miles an hour, and when at the east curbline looked and saw defendant's truck coming north, on his left, on the right hand side of Hancock Street one hundred feet away,—and traveling at the rate of twenty-five to thirty miles an hour. He proceeded to cross and when the front of his truck was about three quarters way across Hancock Street he looked again and saw defendant's truck, which had veered to the left, in the middle of Hancock Street about fifty feet away and still approaching at the same rate of speed. He continued and when the front of

plaintiff's truck was fifteen feet past the west curbline of Hancock Street it was struck at the left rear wheel by defendant's truck. Plaintiff's truck was knocked over on its right side on the north sidewalk of Oxford Street. Defendant's truck crossed the sidewalk and came to a stop on a vacant lot at the northwest corner of the street intersection.

In these circumstances the negligence of the defendant was a question of fact for the jury. Giving the plaintiff the benefit of every favorable inference, as we are required to do, there were no incontrovertible physical facts which required the court to hold that the collision could not have occurred in the manner related by plaintiff's witnesses.

Plaintiff's truck had the right of way. When its driver came to the curbline of Hancock Street, in order to *clear* the intersection he had to travel twenty-six feet plus the length of the truck, or forty-six feet. Defendant's truck at that time was approaching from the left and one hundred feet away, or about eighty feet south of the south curbline of Oxford Street. When the front of plaintiff's truck, traveling at five or ten miles an hour got three quarters way across Hancock Street—that is, had traveled about twenty feet,—defendant's truck moving diagonally at twenty-five or thirty miles an hour was in the center of Hancock Street and fifty feet away,—or thirty feet south of curbline of Oxford Street. When plaintiff's truck had traveled twenty feet farther, so that its front was fifteen feet past the west curbline of Hancock Street and only five feet remained in the intersection, it was hit at the left rear wheel by defendant's truck, traveling diagonally, which ran across the sidewalk and came to rest on a vacant lot at that corner. Plaintiff's truck was knocked over on its side on to the sidewalk of Oxford Street.

When we consider that the defendant's truck was

going from two and a half to five times as fast as the truck in which plaintiff was riding and that plaintiff's truck had to travel forty-six feet to clear the intersection, we find nothing improbable—not to say, impossible—in the statement that defendant's truck traveled one hundred feet during the interval. The position in which the trucks were found after the collision supports plaintiff's story.

The judgment is affirmed.